# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KENNETH D. MATHEIS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. C08-4055-MWB<br><br>**ORDER REGARDING<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION** |

## *I. INTRODUCTION AND BACKGROUND*

On October 28, 2004, plaintiff Kenneth D. Matheis filed applications for Title II disability insurance[1] and Title XVI supplemental security income[2] benefits, alleging a disability onset date of January 1, 2001—but subsequently amended the onset date to August 30, 2004. In his application, Matheis claimed that he was disabled due to depression and "a social phobia." Matheis's applications were denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing, as requested, on Matheis's claim on June 14, 2007. The ALJ issued a decision on November 13, 2007, which found that although Matheis could not return to any of his past relevant work, he retained the functional capacity to perform other work, and therefore, was not disabled. On May 22, 2008, the Appeals Council denied Matheis's request to review the ALJ's

---

[1] Title II of the Social Security Act provides insurance benefits to individuals who establish that they suffer from a physical or mental disability. *See* 42 U.S.C. § 423.

[2] Title XVI of the Social Security Act provides supplemental income to individuals who are disabled while also indigent. *See* 42 U.S.C. § 1382.

decision, and this denial constituted a final decision of the Commissioner of Social Security ("Commissioner").

On July 14, 2008, Matheis filed a complaint in this court seeking review of the Commissioner's decision (docket no. 4)—the case was referred to Chief United States Magistrate Judge Paul A. Zoss for a report and recommendation, in accordance with Administrative Order #1447. On November 11, 2008, Matheis filed his Brief of Plaintiff (docket no. 11), which claimed that the ALJ's finding that Matheis was not disabled was not supported by substantial evidence on the record. Instead, Matheis argued that there was overwhelming evidence of his disability at both step three and step five, of the familiar five-step analysis found in 20 C.F.R. § 404.1520. *See Jones v. Barnhart*, 335 F.3d 697, 699 (8th Cir. 2003). Rather than responding to the merits of Matheis's brief, the Commissioner filed Defendant's Brief and Motion to Reverse and Remand for Entry of Final Judgment (docket no. 14), on February 9, 2009. The Commissioner argued in his motion that the case should be remanded to the ALJ in order to (1) obtain evidence from a mental health expert to assist in determining the severity of Matheis's mental impairments and his mental RFC; (2) determine whether Matheis failed to follow prescribed treatment and the impact of any such failure; and (3) obtain additional evidence from a vocational expert, if warranted. On February 19, 2009, Matheis filed his Resistance to Motion to Remand (docket no. 15). According to Matheis, the Commissioner had ample review opportunities before this suit was filed, and Matheis asserts that he has waited and struggled for over four years to obtain his benefits. In addition, Matheis argues that there is overwhelming evidence of his disability and that this court should make a finding of disability and only remand the case for purposes of computation and payment of benefits.

On July 20, 2009, Judge Zoss issued a report and recommendation (docket no. 17). In his report and recommendation, Judge Zoss explained that the evidence in the record illustrates that Matheis is able to function in a very limited work atmosphere, with generous accommodations, but that he has not been able to work at the substantial gainful activity level since his alleged onset date. Judge Zoss found that the record further indicates Matheis has severe mental impairments that prevent him from performing any type of full-time work and that his condition is unlikely to improve regardless of what treatment he receives. This is not a proper case for remand, according to Judge Zoss, because the medical evidence of record overwhelmingly supports an immediate finding of disability and award of benefits. Neither party objected to Judge Zoss's report and recommendation.

## II. LEGAL STANDARDS

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2008); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme

3

Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*

*City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In applying this standard to review Judge Zoss's report and recommendation, the court must also be mindful of the standards upon which an appealed Commissioner's decision is reviewed. If appealed, the court reviews the Commissioner's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence on the record as a whole. *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Page*, 484 F.3d at 1042 (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Even if the court would have "'weighed the evidence differently,'" the Commissioner's decision will not be disturbed unless "it falls outside the available 'zone of choice.'" *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (quoting *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006)). Therefore, the court will consider whether Judge Zoss's determinations are clearly erroneous, while keeping in mind that the ALJ must have substantial evidence in support of his factual findings.

## III. LEGAL ANALYSIS

The ALJ found Matheis was not disabled at step five, basically due to his own assessment of whether Matheis could have improved with "adequate treatment." R. at 22 (The ALJ found it "necessary to fashion [a] residual functional capacity that reflects the claimant's condition had he received adequate treatment.") Yet, Matheis's treating

physician, Berne B. Bahnson, M.D., had found that "[i]t is expected that [Matheis's response] to treatment, including mediation and/or therapy, is unlikely to advance beyond the current level." R. at 269. The ALJ's substitution of his own opinion for that of the treating physician's was improper. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008) ("An 'ALJ must not substitute his opinions for those of the physician.'") (quoting *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990)). Had the ALJ not substituted his own opinion for the physician's opinion, he would have, or at least should have, given controlling weight to the treating physician's opinion. *See Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) ("The regulations provide that a treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'") (quoting 20 C.F.R. § 404.1527(d)(2)). Because the Commissioner did not even brief this case on its merits—but instead moved to remand the case—the court will not belabor the ALJ's misstep in substituting his opinion for the physician's opinions.

The ALJ's improper substitution of his opinion for that of Dr. Bahnson's, and his failure to provide Dr. Bahnson's opinion controlling weight, is significant considering the Vocational Expert's ("VE") testimony at the June 14, 2007, hearing. First, the VE stated that Dr. Bahnson's answers in his Medical Source Statement form, completed on May 31, 2005, "would prevent such a person from doing gainful employment." R. at 341 (commenting on R. 280-85). The form stated that Matheis was seriously limited[3] under

---

[3] Seriously limited is defined on the form as a:
Severe loss of ability to perform the named activity in regular, competitive employment and, at best, could do so only in a

(continued…)

6

six abilities listed as "Mental Abilities Critical for Performing Unskilled Work." R. at 280-81. Matheis was markedly limited[4] in the remaining eight categories. Dr. Bahnson also explained on the form that Matheis is "unable to make decisions, unable to manage finances, mood swings, social-anxieties to the point where he will isolate. [He has] [p]oor self confidence [and] anxiety." R. at 281. According to Dr. Bahnson, the limitations have been present since 2001. *Id*.

In fact, Dr. Bahnson also found that Matheis was limited under Listings 12.03 and 12.06. Dr. Bahnson found that Matheis exhibited psychotic features and deterioration that was persistent, under Listing 12.03 (Schizophrenic, Paranoid and other Psychotic Disorders), as evidenced by his "[i]ncoherence, loosening of associations, illogical thinking . . ." and "[e]motional withdrawal and/or isolation." R. at 282. Dr. Bahnson claimed that the "[s]igns, symptoms and objective findings that substantiate his diagnosis" were that Matheis was "unable to follow [a] routine, isolates, [is] poor with relationships, [has] mood swings, [and is] unable to make decisions." *Id*. Dr. Bahnson also found that Matheis suffered from an "anxiety-related disorder," accompanied by "[a] persistent irrational fear of a specific object, activity or situation which results in a compelling desire to avoid the dreaded object, activity or situation," under Listing 12.06 (Anxiety-Related

---

[3](…continued)
> sheltered work setting where special supervision, considerations and attention are provided.

R. at 280.

[4] Markedly limited is defined on the form as:
> Nearly complete loss of ability to perform the named activity in regular, competitive employment <u>and</u> even in a sheltered work setting; could only do so to meet basic personal needs.

R. at 280 (original emphasis).

Disorders). R. at 283. Because of Matheis's impairments, Dr. Bahnson opined that Matheis would likely be absent from work more than four times a month. R. at 285.

Second, the VE found that Matheis would be disabled under one of the two hypothetical scenarios the ALJ provided at the hearing—under the first hypothetical, Matheis was not disabled, while under the second he was disabled. The only difference between the two hypothetical scenarios was that, in the second, Matheis's ability to respond appropriately to co-workers was "moderate to marked[5]," while in the first it was only "moderate." The ALJ found that Matheis's abilities in this regard were only moderate, but, again, the ALJ had decided to fashion a residual functional capacity based on the assumption that Matheis was not receiving adequate treatment. *See* R. at 22. According to Dr. Bahnson's opinions, Matheis's ability to respond appropriately to co-workers was at least marked, if not extreme. For example, Dr. Bahnson opined on the Medical Source Statement, described above, that Matheis's "ability to work in coordination with or in proximity to others without being (unduly) distracted by them" is "seriously" limited. R. at 280. Similarly, Dr. Bahnson found that Matheis was "markedly" limited in his "ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes" and in his "ability to respond appropriately to changes in a routine work setting." R. at 281. On the same form, Dr. Bahnson also found that Matheis would have "extreme" difficulties in maintaining social functioning. R. at 285. Dr. Bahnson also explains, in an April 27, 2005, letter, that Matheis "is socially awkward with supervisors, co-workers and the public." R. at 269. Similarly, consulting physician

---

[5] "A marked limitation means more than moderate but less than extreme." R. at 19.

Denise Marandola, Ph.D. found the following related to Matheis's ability to work with others:

> As far as his ability to interact appropriately with supervisors, co-workers and the public, he was well-groomed and cooperative, but noticeably anxious. He would likely have a great deal of difficulty interacting with supervisors, co-workers and the public.

R. at 249.

The court notes that there are some contrary opinions in the record. On January 17, 2005, Rhonda Lovell, Ph.D., reviewed Matheis's record and completed a Psychiatric Review Technique form (R. 250-63), and a Mental Residual Functional Capacity assessment form. R. 264-67. In her review commentary, Dr. Lovell noted that Matheis "appears to have a severe mental impairment that does not meet or equal a referenced listing." R. 268. She opined he would be able to understand and remember instructions and procedures for basic and detailed tasks; tolerate limited interactions with a small number of familiar coworkers; and, "with continued medications . . . experience no more than moderate periodic difficulties regularly completing a typical work week." R. 268.

On May 12, 2005, Lon Olsen, Ph.D., reviewed Matheis's record and completed a Psychiatric Review Technique form (R. 184-97), and a Mental Residual Functional Capacity Assessment form (R. 198-201). Even though Dr. Olsen discounted Dr. Bahnson's diagnosis of "significant frontal lobe dysfunction," and recommendation that Matheis seek work that would require little social interaction and that would provide a predictable routine with minimal, if any, decision-making demands," Dr. Olsen nonetheless noted that Matheis "would not be able to interact with the public. He would have some difficulty maintaining attention and concentration, working near others without

being distracted by them, interacting with coworkers, responding to criticism from supervisors, and adjusting to changes in routine." R. 198-201.

Despite the contrary opinions, Dr. Bahnson was Matheis's treating physician and Matheis had been his patient since May 2002. Throughout that time, Dr. Bahnson had "been involved in regularly scheduled outpatient follow up appointments for medication management." R. 269. Dr. Bahnson recognized that Matheis's depression had responded well to medications but concluded that Matheis's social anxiety and schizoid features had "remained fairly intractable to pharmacologic intervention," preventing Matheis from being able to maintain gainful employment and independent living. *Id*.

For the above reasons, the court finds that there is not substantial evidence on the record in support of the ALJ's finding that Matheis is not disabled. *See Page*, 484 F.3d at 1042 (the court reviews the Commissioner's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence on the record as a whole). Of course, this court has the ability "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405 (sentence four). The Eighth Circuit Court of Appeals has articulated the requirements for remand pursuant to sentence four of section 405(g) as follows:

> Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of "our abundant deference to the ALJ," remand the case for further administrative proceedings. *Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir.1998). Consistent with this rule, we may enter an immediate finding of disability only if the record "*overwhelmingly* supports" such a finding. *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir.1992)*; see Fowler v.*

> *Bowen*, 866 F.2d 249, 253 (8th Cir.1989); *Talbott v. Bowen*,
> 821 F.2d 511, 514 (8th Cir.1987).

*Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000)(emphasis added).  Judge Zoss found that the record as a whole provides overwhelming evidence that Matheis is disabled. Considering the above explained opinions from Matheis's treating physician and the record as a whole, the court finds that Judge Zoss's finding is not clearly erroneous.

THEREFORE, Judge Zoss's conclusion that there is overwhelming evidence in the record to support an immediate finding of disability is not clearly erroneous.  The court accepts Judge Zoss's report and recommendation (docket no. 17) in its entirety, reverses the Commissioner's decision, finds that Matheis is entitled to an immediate finding of disability, and remands the case for an immediate calculation and award of benefits, from August 30, 2004.  The Commissioner's motion for remand (docket no. 14) is denied.

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA